### LAMB *against* BEEBE.

Double pleading of title to an action of trespass *quare clausum fecit*, before a justice of the peace, for the purpose of removing the cause to a higher court, is not allowable.

Where the plea to an action of trespass *quare clausum fregit*, alleged title in the defendant to a certain parcel of land particularly described, a part of which was a part only of the land described in the plaintiff's declaration, averring, that the land thus described in the plea, was the same land upon which the trespasses complained of were committed ; the plaintiff traversed the allegations of the plea ; and on the trial, on this issue, without a new assignment, the plaintiff offered evidence of acts of trespass committed by the defendant on other parts of the land described in the declaration ; it was held, that such evidence was admissible both to disprove the allegations in the defendant's plea, and to shew the damages sustained by the plaintiff.

This was an action of trespass, *quare clausum fregit*, alleging sundry acts of trespass, committed by the defendant, on the 15th of *April*, 1829, and on divers other days and times between that day and the day of the date of the writ. The *locus in quo* was thus described in the declaration : "A certain tract of land, lying in the town of *Norwich*, and bounded *Northerly* on the *Norwich* and *Salem* turnpike road, *Westerly* on land of *Asa Post*, jun., *Southerly* on *Trading Cove* brook, and *Easterly* on land of the defendant, containing forty acres, more or less." The cause was brought before a justice of the peace ; the damages demanded being seven dollars.

The defendant pleaded as follows: 1. "That the land in the declaration mentioned, in which the said several pretended trespasses in the declaration mentioned, were alleged to have been committed, is, and at the several times when said supposed trespasses are alleged to have been committed, was, the close, soil and freehold of the defendant; whereupon the defendant, in his own right, entered, at the said several times, and committed the said several supposed trespasses on the said land, so being the close, soil and freehold of the defendant, as he lawfully might, for the cause aforesaid; which are the supposed trespasses whereof the plaintiff hath complained against him."

*New-London,*
July, 1834.

Lamb
*v.*
Beebe.

2. "And for further plea, in this behalf, the defendant, by leave, &c. defends, pleads and says, that of having and maintaining his action, the plaintiff ought to be barred, because he says, that at the time of the committing of the said several supposed trespasses in the plaintiff's declaration alleged to have been committed, the defendant was, and still is, the lawful owner, as an estate in fee simple, of a certain piece of land situated in said *Norwich,* described as follows, *viz.* beginning at the barn standing near the dwelling-house of the plaintiff; thence running, &c. [specifying divers courses and distances and bounds,] to the barn above mentioned, containing 51 acres, 2 roods and 13 rods; which said land of the defendant is bounded on the *West,* by land in possession of the plaintiff; and the defendant says, that the said several supposed trespasses, alleged in the plaintiff's declaration to have been committed, were committed by the defendant, upon the land above described, and in which he has an estate in fee and a freehold interest; and the *West* part of the above described land of the defendant is part of the land described in the plaintiff's declaration, and is the same land on which said trespasses were committed and in which the defendant has an estate in fee simple, and a freehold interest as aforesaid; and said land, on which said supposed trespasses in the plaintiff's declaration named, and alleged to have been committed, was and is a part of the land described above as the property of the defendant, and is the same land described in the plaintiff's declaration; and because the defendant owned said land, he committed said trespasses, as of right he might."

The cause was thereupon removed to the county court, on motion of the defendant, and bond given pursuant to the stat-

HARVARD LAW LIBRARY

New-London,
July, 1834.

Lamb
v.
Bebee.

ute.    *Tit.* 2. *s.* 65.    In his replication to the first plea, the plaintiff traversed the allegation that the *locus in quo* was the close, soil and freehold of the defendant.    The replication to the second plea averred, that "the trespasses alleged in the plaintiff's declaration to have been committed, by the defendant, were not committed on the land of the defendant, in which he has an estate in fee or a freehold interest ; that in no part of the land described in the plaintiff's declaration, in which, &c. has the defendant an estate in fee simple or freehold interest ; and that said several trespasses alleged in the plaintiff's declaration to have been committed, by the defendant, were not committed, by him, upon the land described in said second plea and in the plaintiff's declaration, and in which the defendant has an estate in fee and a freehold interest, in manner and form as the defendant in his said second plea has alleged."

Issues being joined on these pleadings, the cause was tried, on such issues, in the superior court, to which it was brought by appeal, at *Norwich, March* term, 1834, before *Churh,* J.

Under the first issue the defendant offered no evidence of title to any land, except the land described in his second plea ; which land was part only of the land described in the first plea, and part only of the land described in the plaintiff's declaration ; the defendant relying entirely on his second plea, and not at all on his first.    On the trial of the second issue, he introduced evidence to prove, and claimed that he had proved a title in himself, as set forth in his plea, to the whole of the land therein described ; a part of which, it was agreed, was a part of the land described in the declaration ; and that some of the trespasses for which the action was brought, were committed by him upon the land to which he claimed to have proved the title.

The plaintiff offered evidence to prove, that the defendant had committed other acts of trespass upon the land of the plaintiff described in the declaration, and which was not parcel of the land described in the second plea, and to which the defendant did not claim that he had proved any title.    To this evidence the defendant objected ; but the court admitted it.

The defendant claimed, that the plaintiff was not entitled to recover for any trespasses alleged in his declaration, except for such as were committed upon that part of the land described in the declaration, to which the defendant claimed title, and which

was included within the lines and bounds set forth in the second plea ; and prayed the court so to instruct the jury.

*New-London,*
July, 1834.
───────
Lamb
*v.*
Beebe.

The court charged the jury, that if the defendant had proved a title in himself, as alleged in his second plea, to the land therein described, and that the trespasses for which the suit was brought, were committed upon the land to which the defendant had so proved title, he was entitled to a verdict in his favour. But if he had failed to prove title as aforesaid ; or if he had so proved title, and the jury should find, that the trespasses were committed upon land of the plaintiff described in the declaration, and to which the defendant had not proved title, the plaintiff had right to recover.

The jury returned a verdict for the plaintiff; and the defendant moved for a new trial, for error in the interlocutory decision of the court and in the charge.

*Child* and *Rockwell,* in support of the motion, contended, 1. That if in an action of trespass *quare clausum fregit,* the defendant justify, by pleading title to a part of the land described generally in the plaintiff's declaration, and the plaintiff do not new assign, but traverses the justification, he cannot give evidence of any trespasses, except upon the land described in the plea of the defendant. 1 *Chitt. Plead.* 617. 619. 623. 1 *Wms. Saund.* 299. *a.* n. 6. 300. *Hawke* v. *Bacon,* 2 *Taun.* 156. 159. *Monprivatt* v. *Smith* & al. 2 *Campb.* 176. *Taylor* v. *Cole,* 2 *Term Rep.* 292.

2. That the provision of the statute (*tit.* 2. *sect.* 65. *p.* 52, 3.) for the removal of the action, does not vary the rule of the common law. The same principles of pleading apply. It authorizes the removal, on plea of title to a part of the land, both by the terms and reason of the law. The object of the statute was, to enable the party to remove *all* questions of title to land to the higher courts ; which might, otherwise, in most cases, be defeated. And there is no hardship upon the plaintiff; for the course of proceeding before the higher court is the same as has always existed at common law. The defendant pays the penalty of a frivolous appeal, by treble damages. The statute, in the preceding section (*sect.* 64. *p.* 52.) allows an appeal in actions of trespass, when a right of way is pleaded ;—a plea, which, from its nature, justifies a trespass over a part of the land described in the declaration.

HARVARD LAW LIBRARY

*New-London,*
*July, 1834.*

Lamb
*v.*
Beebe.

*Goddard* and *Hill*, contra, contended, 1. That the plaintiff was entitled to recover, on the first plea of title ; the defendant having failed to make out title in himself, to the land described in that plea. *Stat.* 52, 3. *tit.* 2. *s.* 65. *Matson* v. *Meach,* 1 *Root* 344. *Riggs* v. *Woodruff,* 2 *Root* 35.

2. That in relation to the second plea, a new assignment was not necessary.

First, it is never necessary or proper, where the plea covers all the trespasses alleged. 1 *Chitt. Plead.* 602. 608. *Barnes* v. *Hunt,* 11 *East* 451.

Secondly, a new assignment is not to be used in case of plea of title under our statute ; as it might carry the trial away from the land, to which title is pleaded. *French* v. *Potter,* 2 *Root* 359. 6 *Bac. Abr.* 622. (*Gwil.* ed.) *tit.* Trespass. J. 4. 2.

CHURCH, J. This action is trespass *quare clausum fregit,* and was originally commenced before a justice of the peace, and in which only seven dollars damages are demanded ; and except by reason of the pleas of the defendant, is exclusively within the jurisdiction of such justice of the peace.

To this action before the justice, the defendant pleaded two pleas of title, and the cause was, thereupon, removed to the county court, under the provisions of the 65th section of the " Act for the regulations of Civil Actions."

1. Double pleading of title before a justice of the peace, under this statute, ought not to be sanctioned. Such practice would create embarrassment, cannot be necessary, and is not justified, by the statute authorizing double pleading. A second plea to the same matter, by the rules of the common law, is never admissible ; and by statute, it is never permitted only by *leave of the court ;* and if the court has no power to grant the leave, such second plea cannot be interposed. By the aforesaid 65th section of the Act for the regulation of Civil Actions, it is enacted : " That when in any action of trespass *quare clausum fregit,* brought before a justice of the peace, demanding not more than seven dollars damages, the defendant shall *justify,* by plea of title to the land, a record shall be made thereof, and the matter of fact shall be taken to be confessed, and the defendant shall become bound to the adverse party, before such justice of the peace, &c., that he will prosecute *his plea,* and enter such cause in the next county court," &c. The

plea of title is the end of all pleading before the justice; and as soon as given, the judicial power of the justice of the peace ceases in the cause, if the bond required by the statute be procured; and he has no discretion, either to grant or withhold leave to plead a second plea.

New-London,
July, 1834.

Lamb
v.
Beebe.

The defendant, by his first plea, averred title to the whole land described in the declaration, and thereby justified every act of trespass, of which the plaintiff could complain. This constituted an entire defence, and presented an unembarrassed question of title; but on the trial, it was abandoned, by the defendant, who resorted to his second plea of title as his only defence; which plea, for the reasons suggested, was inadmissible. These facts would justify a refusal to grant a new trial; but as no objection of this nature was made, at the trial, the case will be considered without reference to it.

2. The second plea, upon which only a trial was had, alleges title in the defendant to a certain parcel of land particularly described therein; a part of which land is a part only of the land described in the plaintiff's declaration, and upon which he claims the trespasses were committed. And the plea avers, what was very essential to constitute an entire defence to the action, that the land in the plea thus particularly described, is the *same land* upon which the trespasses complained of were committed; and thus necessarily implying, that no acts of trespass were committed upon any other part of the land described in the declaration. Under this plea the defendant proved, that he had committed some acts of trespass upon the land thus described in his plea, and to which he claimed title, and then objected, that the plaintiff could not be permitted, for any purpose, to prove other acts of trespass upon other parts of the land described in his declaration, without a new assignment; and contended, that the investigation was to be confined to the question of title to the land described *in his plea.* The court did not admit the correctness of this claim, but admitted the evidence objected to, and therefore, this motion for a new trial is presented.

It is not necessary, perhaps, to decide whether, on the trial before the superior court, the plaintiff might have been permitted to new assign other acts of trespass than those justified, by the defendant's plea of title. The question is, was he bound to do it; and was the evidence offered by him admissible with-

*New-London, July, 1834.*

*Lamb v. Beebe.*

out it? Whatever may be the principles of the common law regarding new assignments, I think the present question should be considered with reference to our statute, by virtue of which only this cause was removed from the jurisdiction of the justice of the peace, and entered for trial in the county court. It was not the intention of the statute referred to, to remove a cause from the jurisdiction of the justice of the peace, before whom it was commenced, unless the defendant's plea of title interposed an entire defence to the whole of the plaintiff's claim ; and if it did, then every fact constituting the plaintiff's claim being admitted, the question of title, and that alone, was to be referred to the decision of a higher court. The question before such court, therefore, must be, whether the defendant has so established a title paramount to the plaintiff's title, as to justify all the trespasses for which the suit was brought ; and if he has not, he has not made his *plea good*, within the meaning of his bond. I think the evidence to prove acts of trespass committed on other parts of the land claimed by the plaintiff, and for which he brought his suit, was admissible, as well to disprove the allegations in the defendant's plea, as to show the damages sustained by the plaintiff; and in these respects, this case is not unlike the case of *Barnes* v. *Hunt,* 11 *East,* 451. That was an action of trespass *quare clausum fregit,* in which the plaintiff declared, that on the 1st of *September,* 1808, and on divers other days and times, between that day and the day of exhibiting the plaintiff's bill, the defendant broke and entered the plaintiff's close, &c. and setting forth divers acts of trespass. The defendant pleaded the general issue, and also specially in bar, that at the *said several days and times* when, &c. he committed the *said several* trespasses, by leave and license of the plaintiff. On the evidence in the case, it was made a question at the trial, whether as the plaintiff had declared for trespasses committed on a particular day, and on divers other days and times afterwards ; and the defendant's plea alleged generally, that he had *done all the acts complained of,* by the license of the plaintiff; and the *whole of* that plea was put in issue; there was any necessity for the plaintiff to have made a new assignment to enable him to recover for the trespasses committed prior to the license? It was contended for the defendant, that there was nothing in issue, except the cause of justification, namely, the license, and that if the defendant

had proved *any trespass* covered by his license, the issue must be decided for him. But the court did not recognize this claim of the defendant; but held, that unless the defendant could prove his whole plea, and show that the license covered as many trespasses as the plaintiff had alleged and was able to prove, it was not a defence to the action. And so in the present case, the question was not solely whether the defendant had title to the land described in his plea, but whether all the acts of trespass were committed upon it? And the plaintiff was permitted, for the purpose of contradicting such averment in the plea, as well as to ascertain the damage sustained, to show that they were not.

New-London,
July, 1834.

Lamb
*v.*
Beebe.

It is obvious, I think, that an admission of the principle here claimed, by the defendant, as applicable to a cause removed from a justice of the peace under the statute aforesaid, would be to permit a defendant, in every such case, to draw a plaintiff, by a frivolous plea of title, away from the tribunal before which he had properly commenced his action, into the county and superior courts, not to try a title to land, under a plea of title, but to try something else growing out of a new assignment, which is in the nature of a new declaration.

For these reasons, also, I am of opinion that a new trial ought not to be granted.

The other Judges were of the same opinion, except PETERS, J., who was absent.

<div style="text-align:center">

**New trial not to be granted.**