CITY OF PROVIDENCE *vs.* ADAMS & BUTTERWORTH. SAME *vs.* JOHN T. WARD.

Where a plaintiff declares *in trespass quare clausum fregit*, naming or specifically describing the close, and the defendant justifies by plea of *liberum tenementum*, or right of common or other similar right, the plaintiff will be entitled to recover if he proves a trespass in any part of the close named or described to which the defendant cannot prove the right or title pleaded, although the defendant may prove a right or title in some other part thereof, and the defendant will be entitled to recover if he makes out his justification in respect of the part of the close named or described upon which the trespass complained of was committed.

In such an action where the pleading is as above stated, only the title to that part of the tract in which the alleged trespass was committed is put in issue, and the record of judgment in such a case is proof of title in the party in whose favor it is rendered, only to the extent of the place of the alleged trespasses, which may be proved by parol testimony.

In an action of trespass and ejectment by the city of Providence, to recover possession of a tract of land, defendants pleaded by way of estoppel the record of a former judgment

recovered in an action of *trespass quare clausum fregit* brought by one M. against said city of P., in which a verdict was rendered for the plaintiffs, and averred that they (the defendants in the present suit) were privy in estate with said plaintiffs, having derived from them their title to the land sought to be recovered, and that the close described in the declaration in the present suit was a portion of the same close described in the declaration in the former suit. Plaintiff replied that former suit was an action of trespass for breaking and entering the plaintiffs' close in said action described, &c., and that the testimony therein produced showed that the alleged trespasses were committed in the northwesterly corner of said close and not elsewhere, and that the close described in this suit does not include that portion of the close in which the trespasses aforesaid were proved to have been committed. To this replication the defendants demurred specially on the ground that it contradicted the record of a former suit, that it was an attempt to retry an issue once decided, and that it tendered an immaterial issue. *Held,* that demurrer must be overruled and the plaintiff's replication sustained.

The language of a plea in an action of trespass, that "the close aforesaid in which the trespass aforesaid is supposed to be committed, *as set forth in the declaration aforesaid,* is, and at the time when, &c., was, the soil and freehold of the city," held not to have the effect to put in issue the title of the entire tract of land described, but simply of the place of the trespass, and to identify the close mentioned in the plea with that mentioned in the declaration.

ACTION OF TRESPASS and ejectment to try title to recover possession of a parcel of land in the city of Providence. The defendant pleaded a former action by way of estoppel, and a replication thereto was filed by the plaintiff. The case was heard upon a special demurrer of the defendant to said replication. All the pleadings, showing the issue before the court at the trial, are stated at the commencement of the opinion of the court.

*Browne & Stiness,* for the defendants, in support of the demurrer. I. The doctrine of estoppel is reasonable, just, and beneficial, and favored by the courts. Herman on Estoppel, 23, 24 ; *Adams* v. *Barnes,* 17 Mass. 365.

II. In the case of an estoppel of record, there can be no question that when the record of a former judgment is pleaded and relied on as an estoppel, it is conclusive as to all the matters that were tried, or that within the fair scope of the pleadings might have been tried, in the former suit. *Outram* v. *Moorewood,* 3 East, 346 ; *Aurora City* v. *West,* 7 Wal. 95 ; *Vooght* v. *Winch,* 2 B. & A. 662 ; *Howard* v. *Mitchell,* 14 Mass. 241 ; *Gardner* v. *Buckbee,* 3 Cow. 120 ; *Long* v. *Long,* 5 Watts, 102 ; 2 Smith's Lead. Cases, 662 ; 1 Phil. Ev. 244.

III. The title sought to be tried in this case is the same which was tried in the former suit referred to in defendants' plea. 1 Chitty's Pl. 279, 280, and 629 *et seq.;* Steph. Pl. 313 ; Story's Plead. 619–625 ; *Stevens* v. *Whistler,* 6 East, 39 ; *Lambert* v. *Stroother,* Willes, 218.

IV. If the title sought to be tried in this suit was not tried in said former suit, it might have been tried, and therefore the judgment is conclusive. *Aurora City* v. *West*, 7 Wal. 82 ; *Kelheffer* v. *Kerr*, 17 S. & R. 319 ; *Caston* v. *Perry*, 1 Bailey, 533 ; *Baggot* v. *Williams*, 3 B. & C. 235 ; *Greathead* v. *Bromley*, 7 D. & E. 451 ; 2 Smith's Lead. Cases, 793, 794.

V. The close in said former suit being entire and indivisible, the judgment as to the title of a part thereof operates against the plaintiff in this case as effectually as a judgment as to the title of the whole. 2 Smith's Lead. Cases, pp. 788, 799, 801, 810 ; *Simes* v. *Zane*, 12 Harris, 242 ; *Ballance* v. *Forsyth*, 24 How. U. S. 183.

VI. Nothing but the record of the former judgment can be considered by the court in this case. *Eastmure* v. *Lawes*, 5 Bing. 450 ; *Trevivan* v. *Lawrence*, 1 Salk. 276 ; *Burt* v. *Sternburgh*, 4 Cow. 559 ; *Whitaker* v. *Jackson*, 2 H. & C. 926 ; 2 Smith's Lead. Cases, 657, 789, 796 ; Herman on Estoppel, p. 31 ; 1 Phil. Ev. 237, 238.

*Hart & Parkhurst*, for the plaintiff, *contra*. I. This is not an attempt to contradict the record recited, but is the legal and proper interpretation of that record. The plaintiff claims that the legal effect of the record recited is, that the title to the "*locus in quo*" only, that is, that portion of land where the building stood (which is not embraced in the declaration in this suit), was determined to be in the plaintiffs in that suit as against the city of Providence.

II. A judgment in an action of trespass in which the defendant pleads *liberum tenementum* determines the title to that part only of the close described in which the trespasses alleged are proved or admitted to have been committed, so that if the plaintiffs or defendants show title to that portion of the close where the trespass was actually committed, they are entitled to judgment, the words, " close in which," constituting a divisible allegation. *Rich* v. *Rich*, 16 Wend. 663 ; *King* v. *Dunn*, 21 Wend. 253 ; *Peaslee* v. *Wadleigh*, 5 N. H. 317 ; *Wheeler* v. *Rowell*, 7 N. H. 515 ; *Knowles* v. *Dow*, 20 N. H. 135 ; *Palmer* v. *Tuttle*, 39 N. H. 486 ; *Tapley* v. *Wainwright*, 5 B. & Ad. 395 ; *Richards* v. *Peake*, 2 B. & C. 918 ; *Bassett* v. *Mitchell*, 2 B. & Ad. 99 ; *Smith* v. *Royston*, 8 M. & W. 381 ; 3 Stephen's Nisi Prius,

2653 ; 2 Greenleaf's Evidence, 626 ; 2 Selwyn's Nisi Prius, p. 1337.

DURFEE, J. This is an action of trespass and ejectment brought to recover possession of a tract of land, situated in the city of Providence, particularly described in the declaration. To this action the defendants plead by way of estoppel the record of a former judgment recovered in an action of trespass *quare clausum fregit,* brought by A. H. Manchester and others against certain officers of the city of Providence, the defence of which action the said city took upon itself. The defendants in said former suit pleaded several pleas in bar, to wit : first a plea that " the close aforesaid in which the trespass aforesaid is supposed to be committed, as set forth in the declaration aforesaid, is, and, at the time when the trespass was committed, was, the soil and freehold of the city of Providence," &c. ; and second, several pleas alleging title in said city by adverse possession. These pleas were duly traversed and thereupon issue was joined. Upon all the issues the jury found a verdict for the plaintiffs, and judgment was entered accordingly. And the defendants in the present suit aver that they are privy in estate with the plaintiffs in said former suit, having derived their title to the land sought to be recovered, from them ; and they further aver that the close described in the declaration in the present suit is a portion of the same close described in the declaration in said former suit. To this plea of the defendants the plaintiff replies that said former suit was an action of trespass for breaking and entering the plaintiffs' close in said action described, &c., and that the testimony therein produced showed that the alleged trespasses were committed in the northwesterly corner of said close, and that no testimony was produced showing any trespass elsewhere ; and the plaintiff avers that " the close described in this suit does not include that portion of the close in which the trespasses aforesaid were proved to have been committed in said action recited in the defendants' plea." To this replication the defendants demur specially, on the grounds that it contradicts the record of the former suit ; that it is an attempt to retry an issue once decided ; and that it tenders an immaterial issue.

The description of the close in which the trespasses were alleged to have been committed in the action of trespass *quare*

*clausum fregit*, as given in the declaration in that action, is nowhere recited verbatim, either in the plea or in the replication filed in the present suit; but in the argument of the demurrer in the present suit it was announced as a fact that the close mentioned in the declaration in said former suit was therein particularly described by metes and bounds or by abuttals, and therefore in passing upon the question before us we feel at liberty to take it for granted that such was the fact.

The defendants contend that it is apparent upon these pleadings that the plaintiff is seeking to recover possession of a tract of land the title to which was determined, by the judgment rendered in the former suit, to be in their grantors, and that, such being the case, the record of the said former judgment may be lawfully pleaded in bar, by way of estoppel, to the action. The plaintiff concedes that the record of said former judgment furnishes a good defence by way of estoppel, if the title of the land which the plaintiff is now seeking to recover was in issue in the former suit; but the plaintiff contends that it was not in issue; that though the close described in the former suit embraced, with other land, the land embraced in this suit, yet that the title of only so much of the land described was in issue as constituted the place in which the trespasses complained of in the former suit were committed; that the *locus in quo* of said trespasses forms no part of the land now sought to be recovered; and that therefore the record of the judgment rendered in the former suit furnishes no defence by way of estoppel to the present suit. We may therefore assume that the plea of the defendants is a good plea in bar to the plaintiff's action, if the title to the land now sought to be recovered was in issue in the former suit, and direct our attention simply to the inquiry whether in contemplation of law the title to said land was in issue.

The defendants contend that their grantors, the plaintiffs in the former suit, could not have recovered judgment in that suit if the defendant therein could have proved title to any part whatever of the close described, — whether such part was the place in which the trespasses were committed or any other place embraced within the description, — and in support of this view they refer to the law relating to the plea of *liberum tenementum* when used as the common bar, so called. The law relating to that

plea thus used, is this: If the plaintiff declares in trespass for breaking and entering his close in a certain vill or parish, without naming or otherwise describing the close, the defendant may plead that the close in which, &c., is his own freehold; and then, if the plaintiff traverses the plea without new assigning with more definite description, the defendant will be entitled to recover if he can prove title to any parcel of land within the same vill or parish. But the law on this point is confessedly peculiar, and two cases only have been cited in which it has been maintained or suggested by the court that, when a plaintiff declares in trespass for breaking and entering his close, describing the same with particularity, the defendant may plead *liberum tenementum*, and, if the plea be simply traversed, recover upon proof of title to any part of the close thus particularly described.

The two cases to which we refer above are the cases of *Hawke* v. *Bacon*, 2 Taunt. 156, and *Stevens* v. *Whistler*, 11 East, 51, both decided in 1809. In *Hawke* v. *Bacon* the plaintiff declared in trespass for breaking and entering his close called *Far End Close*. The defendant pleaded that the close in which, &c., was parcel of a waste in which he had a right of common. The plaintiff replied that the close had been inclosed and enjoyed in severalty by him for twenty years and more. The defendant rejoined that the part of the close where the trespasses complained of were committed had been separated from the waste within twenty years. The plaintiff surrejoined that the said close called *Far End Close*, and in which, &c., had been separated for twenty years and more. The defendant demurred. The court observed that the defendant had omitted a fair opportunity which the plaintiff gave him to traverse an allegation which the plaintiff could not have supported but by proving that the whole of *Far End Close* had been inclosed above twenty years, for if the defendant had taken issue on the replication as it stood, and if any part of *Far End Close* had been inclosed less than twenty years, the issue must have been found for the defendant; it did not differ from the common case of pleading *liberum tenementum*, where, if the defendant proves he has a single acre in the vill, the issue is with him, whatever quantity of land the plaintiff may have had there; and if the plaintiff had meant to dispute the particular spot, he should have newly

assigned. In *Tapley* v. *Wainwright*, 5 B. & Ad. 395, the authority of this case is expressly disaffirmed.

In *Stevens* v. *Whistler*, the plaintiff declared in trespass for breaking and entering his close called *Shepherd's Lane*. At the trial it appeared that *Shepherd's Lane* was an open parish highway, and that the plaintiff owned land on one side thereof. The trespasses proved were that the defendant had depastured his cattle all along the lane. Verdict being given for the plaintiff, the defendant moved to set it aside on the ground that the plaintiff was not justified in declaring for a trespass in the lane generally, as if he claimed an exclusive right to the whole. *Per Curiam :* "The plaintiff had an exclusive right to part of *Shepherd's Lane ;* and if the defendant meant to drive him to confine the trespass complained of upon the face of the declaration to that part of the lane which was his, he should have pleaded soil and freehold in another; which would have obliged the parties to new assign." The report of this case is very meagre, and does not even state the plea, though from the opinion of the court it is evident that *liberum tenementum* was not pleaded. The point submitted to the court was whether the verdict in favor of the plaintiff could stand, inasmuch as he was the owner of only a half of the close described, and, therefore, the remark as to what would have been the result, in case the defendant had pleaded soil and freehold in another, was not, strictly speaking, called for by the case before them.

A review of the English cases, decided subsequently to the two cases above cited, will show the present state of the law in England upon the question now before us.

In *Cocker* v. *Crompton & others*, 1 B. & C. 489, decided in 1823, the plaintiff declared in trespass for breaking and entering his close called the *Fold-yard*, in the parish of Prestwick-cum-Oldham, in the county of Lancaster. The defendants pleaded that said close in which, &c., is and then was the close, soil, and freehold of the defendant Crompton. The plaintiff proved possession of a close called the *Fold-yard*, and that a trespass had there been committed; but it appeared that the defendant, Crompton, also had a close called the *Fold-yard*, in the same parish; and it was contended for the defendant that they were at liberty to apply the evidence to that close, and that therefore

the plaintiff must be nonsuited. The verdict, however, was entered for the plaintiff, and was sustained by the Court of King's Bench, sitting in bank, the court being of the opinion that the close was designated with sufficient certainty to prevent the defendant from availing himself of the common bar.

In *Richards* v. *Peake*, 2 B. & C. 918, decided in 1824, the plaintiff declared in trespass for breaking and entering two closes of the plaintiff. The defendant pleaded a right of common in said closes in which, &c. The plaintiff discontinued as to one of said closes, and replied that the other of said closes, naming the same, had been inclosed and enjoyed in severalty for thirty years and more. The defendant traversed the replication and thereupon issue was joined. The jury found that part of the close had been inclosed within thirty years, and that the alleged trespass was committed in that part only. Upon this finding it was held that the defendant was entitled to the verdict, the court being of the opinion that the words : " The close in which, &c., in the declaration mentioned," must be construed to mean the part of the close where the trespass complained of was committed.

In *Cook* v. *Jackson*, 9 D. & R. 495, decided in 1827, the Court of King's Bench again held, as it had previously held in *Cocker* v. *Crompton*, that where a plaintiff sues in trespass *quare clausum fregit*, describing the close by name, and the defendant pleads *liberum tenementum*, proof that both parties have a close of the same name will not prevent the plaintiff from recovering without a new assignment.

In *Bassett* v. *Mitchell & Smith*, 2 B. & Ad. 99, decided in 1831, the plaintiff declared in trespass for breaking his close, and set out the close by abuttals. The defendants justified, alleging that the said close in which, &c., was part of an allotment of six acres made by commissioners duly authorized for certain purposes, in execution of which they entered. The plaintiff denied that said close in which, &c., was part of the six acres supposed to be allotted, and thereupon issue was joined. It appeared that the close set out by abuttals was not all within the allotment, but that the part in which the trespass occurred was within it. *Held*, that the justification was made out. Taunton, J., said: " It is clearly held in *Richards* v. *Peake*, 2 B. & C. 918, that ' the close in which,' &c., does not mean the whole close referred

to in the declaration, but the place in which the trespass is proved to have happened, and the defendant may so apply it. Here trespasses were proved in one part of the close only, and the defendant established his right in that part."

In *Tapley* v. *Wainwright*, 5 B. & Ad. 395, decided in 1833, the plaintiff declared in trespass for breaking and entering two closes, to wit, a certain close of the plaintiff's called the *Croft*, and a certain other close, &c. The defendant justified upon the ground that the said closes in which, &c., were parcel of a waste in which he had a prescriptive right of common. The plaintiff replied an inclosure and adverse possession of the waste for twenty years and more, by which the right of common had been lost. The defendant traversed the replication, and thereupon issue was joined. The trespasses were proved over the whole of the close, nine tenths of which had been inclosed for more than twenty years, but the residue for a less period. The verdict was given for the plaintiff, and, on motion for a new trial before the Court of King's Bench, the verdict was sustained, the damages being reduced so as to be a fair compensation for the trespasses on the part inclosed for twenty years. Denman, C. J., said: " The words ' the said close in which,' &c., have been settled by the cases of *Richards* v. *Peake*, 2 B. & C. 918, and *Bassett* v. *Mitchell*, 2 B. & Ad. 99, to mean only the particular place in which the trespasses complained of were committed. Therefore, it is clear that, upon the issue in this case, the plaintiff need not have proved that *more* than the parts actually trespassed upon, which the defendant must be understood to have known when he pleaded to them, were inclosed for twenty years."

In *Smith* v. *Royston*, 8 M. & W. 381, decided in 1841, the plaintiff declared in trespass, for breaking and entering his close, called *Buck Leap*, and erecting a building thereon. The defendant pleaded that the close in which, &c., was and is his soil and freehold, and thereon issue was joined. It appeared at the trial that *Buck Leap* was a strip of land about twelve feet wide, lying outside the hedge of the plaintiff's land, and not divided by any fence from defendant's adjoining field. The plaintiff proved acts of ownership to the extent of about four feet from his hedge. The building, though erected by the defendant within the twelve feet, was not within the four feet, and defendant proved acts of

ownership on the part where the building was erected.   The Lord
Chief Baron told the jury that the defendant was entitled to a ver-
dict if he proved title to that portion of *Buck Leap* in which the
alleged trespass was committed, and the jury returned a verdict
for the defendant.   On motion for a new trial the court held that
the defendant in such a case is entitled to a verdict if he establish
a title to that part of the close on which the trespass was com-
mitted, and is not bound to prove title to the whole close.   Al-
derson, B., in giving judgment for the Court of Exchequer, said:
" There seems to us to be no distinction in the cases where the
declaration describes the close in which, &c., by metes and bounds,
or by name only.   In both cases it must be taken to mean a com-
plaint that the defendant committed a trespass upon a piece of
land in the lawful possession of the plaintiff, described in the one
case as being part of a close having certain metes and bounds,
and in the other case as part of a close named *A.*   The metes
and bounds in the one case and the name in the other serve only
to define to the defendant what close it is for the trespassing on
part of which the plaintiff brings his suit.   When therefore the
defendant, following the declaration, asserts in his plea that the
close in which, &c., is his soil and freehold, we think his plea
means that the part of the close so described in the declaration,
on which he admits he has done the acts complained of, was his
soil and freehold.   By this plea, therefore, he undertakes to prove
two propositions : first, that some part of the described close be-
longs to him ; and secondly, that it is on this part of the close
that all the acts complained of have been done.   If he does this,
he is entitled to the verdict ; if not, the plaintiff must succeed."

We think these cases clearly show that in England it is settled
law that where a plaintiff declares in trespass *quare clausum
fregit*, naming or specifically describing the close, and the de-
fendant justifies by plea of *liberum tenementum*, or of some right
of common or other similar right, in the exercise of which he
broke and entered the said close in which, &c., the plaintiff will
be entitled to recover if he proves a trespass in any part of the
close named or described, to which the defendant cannot prove
the right or title pleaded, even though the defendant may prove
a right or title in some other part thereof ; and that the de-
fendant will be entitled to recover, if he makes out his justifica-

tion in respect to the part of the close named or described, upon which the trespass complained of was committed, even though he fails to make out his justification as to the residue of the close, and the title thereof is shown to be in the plaintiff. In other words, it is established by the current of English decisions, that in an action of trespass *quare clausum fregit*, where the pleading is as above stated, the title to the entire tract of land named or described is not necessarily put in issue, but only the title to that part in which the alleged trespasses were committed. And from this it follows that where in such a case judgment is rendered, the record is proof of title in the party in whose favor it is rendered only to the extent of the place of the alleged trespasses, which, it is declared in *Barrett* v. *Mitchell*, 2 B. & Ad. 99, and *Smith* v. *Royston*, 8 M. & W. 381, may be proved by parol testimony.

The case of *Whitaker* v. *Jackson*, 2 H. & C. 926, decided by the Court of Exchequer in 1864, has been cited by the defendants as a case in their favor. In that case the plaintiffs declared in trespass for breaking and entering their land, described by its abuttals, and cutting away part of a wall and cornice built thereon. The defendants in two pleas denied the title of the plaintiffs, and the plaintiffs in support of their title gave in evidence a judgment in a former action of trespass for breaking and entering the land, described by abuttals, and building thereon a certain wall and cornice. The latter action was brought by the defendants against the devisor of the plaintiffs, who pleaded thereto the plea of *liberum tenementum*, upon which judgment was rendered in his favor. No question was made but that the wall and cornice mentioned in the second, was the same as that mentioned in the first suit, but the defendants offered to prove that the right to the land overhung by the cornice was not litigated in the former action, but the judge ruled that the defendants were estopped by the record and rejected the evidence, and this ruling was sustained by the court in banc. The question was not whether the record was conclusive as to the title to the extent of the close described, but simply whether it was conclusive to the extent of the trespass alleged, and the court held that, to the extent of the trespass alleged, the place of which was not in dispute, the record was conclusive. The case, though de-

cided by the same court (not the same judges) which decided the case of *Smith* v. *Royston*, contains no intimation that it was deemed to be in conflict, in any degree, with the case of *Smith* v. *Royston*. We do not think the case can be regarded as an authority in support of the position taken by the defendant.

In the United States the question now before us appears to have seldom arisen; but in New York, New Hampshire, and Massachusetts, the rule of law declared by the English decisions · has been recognized as correct; and no American case has been referred to in which any different doctrine has been promulgated.

In New York, in a case of trespass *quare clausum fregit*, where the close is described by abuttals, and the plea is *liberum tenementum*, the court suggest that the defendant may prove title to any part of the close described, and apply the proof to that part and recover, unless the plaintiff shows a trespass in another part to which the defendant's title does not extend. They say: " The substance of the issue is to be proved. That substance is, whether the spot where the act was done belongs to one party or the other." *Rich* v. *Rich*, 16 Wend. 663; *King* v. *Dunn*, 21 Wend. 253.

In New Hampshire the court hold: " The plaintiff in trespass *quare clausum fregit* must show the abuttals of his close, because to maintain his action he must show a trespass done within the limits of the close described; *White* v. *Moseley*, 5 Pick. page 230; but having shown the abutments of the close, it is enough to prove a trespass in any part of the close to which he can show a title." *Peaslee* v. *Wadleigh*, 5 N. H. 317; *Wheeler* v. *Rowell*, 7 N. H. 215; *Knowles* v. *Dow*, 20 N. H. 135; *Palmer* v. *Tuttle*, 39 N. H. 486.

In Massachusetts the Supreme Judicial Court use the following language : " The rules of pleading in a real action, in which the title to the whole of the demanded premises is put in issue, do not apply to an action of tort, in which the title to the close cannot be definitively settled, and in which judgment for the plaintiff merely determines that the defendant has trespassed upon some part of the close, leaving it to be ascertained by oral evidence where the trespass was actually proved to have been committed, in case the judgment should be relied on in a subsequent action. The plaintiff, when suing in trespass, must indeed

be confined to the limits of the close as set forth in the declaration, and there must be such a substantial correspondence between the description and the proof as to secure the defendant from being misled. But if the plaintiff proves his title to part only of the close described, and a trespass by the defendant upon that part, he may recover damages according to the nature and extent of the trespass proved." *Hall* v. *Mayo & others,* 97 Mass. 416.

Upon the authority of these cases, English and American, we feel constrained to decide the question raised by the demurrer in this case against the defendant, unless there be some peculiarity of pleading in this particular case, or some peculiarity of usage and practice in the state, which will warrant our coming to a different decision.

1. Is there anything in the pleadings to distinguish the case at bar from the cases in which the rule has been applied ? The only peculiarity of the pleadings to which our attention has been called is the language of the plea in the action of trespass, alleging that " the close aforesaid in which the trespass aforesaid is supposed to be committed, *as set forth in the declaration aforesaid,* is, and at the time when, &c., was the soil and freehold of the city." It is claimed that this language clearly evinces an intention to put in issue the title, not simply of the place of the trespass, but of the entire tract of land described. The reports of the cases above referred to do not purport to give the pleas or replications verbatim, but speak of the analogous allegation therein as if the words were " the close in which," &c., or " the said close in which," &c., or " the close in which, &c., in the declaration mentioned." This language, if less explicit in some respects than that here employed, is in our opinion of the same grammatical import, the purpose in either case being to identify the close mentioned in the plea or replication with that mentioned in the declaration. But the allegation, according to the authority of those cases, whether used in plea or replication, is divisible, and is sustained by proof of title in the place of the alleged trespass, the question of title being from the form and nature of the action material only in so far as it is involved in the question of the right of the plaintiff to recover for the trespass alleged to have been committed. We therefore think there is noth-

City of Providence *v.* Adams.

ing in the pleadings to distinguish this case substantially from the cases in which the rule, as above stated, has been applied.

2. Is there any peculiarity of local usage or practice to exempt the case from the operation of the rule ? We have no doubt that the action of trespass *quare clausum fregit* has been sometimes resorted to for the purpose of trying disputed titles ; and where the trespasses complained of extend to the entire tract of land in controversy, or where the parties choose to consider the verdict as a practical settlement of the title, there can of course be no objection to such an employment of the action. We doubt not also that the opinion may have prevailed to some extent that the plea of *liberum tenementum* puts in issue the title of the entire close described in the declaration, and that consequently a judgment thereon settles the title to the same extent. But certainly, in the absence of any decision or clearly established judicial practice to countenance the opinion, there should be the most convincing evidence of its general prevalence, not only as an opinion, but also as a rule of action, before it can be held (if even then it can be held) to have superseded the law of the land. The information which we have upon this point does not, in our opinion, warrant the conclusion that there is any such peculiarity of local usage or practice in this state that it can be regarded as having superseded the rule declared or recognized in the great majority of the cases which we have above cited. We think

> *The demurrer should be overruled, and the plaintiff's replication sustained.*

POTTER, J., dissenting. Not being able to agree with my brethren in their conclusion, I think it is of consequence enough to give the reasons for my dissent.

There are two questions involved in the decision of the present question. 1st. What was the English practice as to the plea of soil and freehold, or *liberum tenementum* ; and 2d. Whether it ever has been or ought to be adopted in this state. According to the more ancient English practice it was enough for the plaintiff in trespass *quare clausum* to allege possession of a close in a parish, or perhaps only in the county, and without name or description. 1 Chitty Plead. 663.

If the plaintiff did not name or describe his close, then, 1st. Defendant might plead *liberum tenementum* without description,

and then plaintiff must new assign; or if plaintiff traversed, it was enough for defendant to prove he had any freehold in parish or county. 1 Chitty Plead. 662, 664, 670 ; Comyn Pleader, 3 M. 34; Salk. 452 ; *Austin* v. *Morse*, 8 Wend. 477.

Defendant might 1st plead *liberum tenementum*, and name a wrong place. Then as plaintiff could not prove trespass in it, he must new assign. 2d. *Liberum tenementum* generally. 3d. That *locus* is an acre, &c., &c., and is his soil, &c. In two last cases if plaintiff be sure defendant has no freehold in the parish, &c., he may safely traverse. Roscoe, Real Actions, *675.

2d. If defendant name place, he must describe with sufficient certainty. If both have a close of six acres, defendant cannot show that the alleged trespass was on his, unless he give a name to it, or otherwise distinguish, as otherwise defendant could not new assign. Dyer, 23 *b* (147). But in *Goodright* v. *Rich*, 7 East, 325, 331, Lawrence, J., said practice was, if defendant pleaded *liberum tenementum*, plaintiff must new assign, notwithstanding case in Dyer, otherwise enough for defendant to prove title to any land answering plaintiff's description.

If defendant name place plaintiff may reassign a different close. This supposes two ; if he does not, he is held to admit the defendant is right as to *place*, and the only question is whether defendant has such a close. 1 Chitty Plead. 664. If defendant name the right place, plaintiff cannot new assign.

This was a peculiar plea. It did not answer the charge. The plea might be good, and yet the plaintiff have a right to his action. 1 Chitty Plead. 541 ; Story Pl. 625, 676. It was called the general bar, common bar, blank bar, and general issue. Story Pl. 625.

It was peculiar to the action of trespass *quare clausum*. Story Pl. 625 ; 6 Robinson's Practice, 780. The sole object seems anciently to compel the plaintiff to new assign. 1 Chitty Plead. 541 ; 1 Archbold's Practice, 441. It is called an evasive plea. Mansel on Demurrer, Introd. 43 ; 1 Chitty Plead. 659, 660.

And upon the old authorities (and these are cited for the purpose of showing the use and object of the plea) if the plaintiff did describe the land, defendant could not plead *liberum tenementum*. Willes, 218, 225 ; Rules of 1654, quoted in *Martin* v. *Kesterton*, 2 W. Black. 1089, 1091. *Greene* v. *Jones*, 1 Saund. 299 *c*,

is positive to this point. So also Archbold's Pl. & Ev. (2d London ed. 1837) *272, lays down that if the declaration contains abuttals, defendant could not plead *liberum tenementum;* and it was of no avail to plead it where defendant merely followed description given by plaintiff. *Case of Fold-yard*, 1 Chitty Plead. 670. (*Harvey* v. *Bridges*, A. D. 1845, 14 M. & W. 437, 442, *contra;* affirmed in W., H. & C. 261.) And Littledale, J., in *Ellison* v. *Iles*, 3 Per. & D. 393, says the plea was improper in such a case; but this remark is omitted in the report of the same case in 11 A. & E. 665.

But the more modern practice as to the plea of *liberum tenementum* seems to be, if plaintiff names his close, the defendant cannot vary from it. 1 Tidd, 690. If defendant has one of same name, if defendant pleads *liberum tenementum*, he must distinguish it. 1 Chitty Plead. 670; 6 Robinson Pr. 780. If both have closes of same name, and defendant does not distinguish his, plaintiff need not new assign, but may apply evidence to his close and prove trespass there. Chitty, 670; Tidd, 691; *Cooke* v. *Jackson*, 9 D. & R. 495 (1827); *Cocker* v. *Crompton* (1823), 1 B. & C. 489.

If plaintiff named close, and defendant pleaded *liberum tenementum*, plaintiff, 1st, might deny and conclude to country, need not set up his own title. Story, 625; Salk. 354. 2d, might derive title from defendant; or 3d, might derive title from one seised before defendant. This might be good even if defendant has a freehold. 1 Chitty Plead. 626; Story Pl. 625; Willes, 218, 225; *Rex* v. *Coke*, Cro. Car. 384. If plaintiff did not name close, if defendant pleaded *liberum tenementum*, and had any land in parish, plaintiff must new assign. And the plea (at least in modern times) admitted the possession and the trespass. 1 Archbold Pr. *442; *Caruth* v. *Allen*, 2 McCord, 226. It admits at any rate such a possession as would be good against a wrong-doer. *Ryan* v. *Clarke*, 14 A. & E. N. S. 71; *Thompson* v. *Hardinge*, 1 M., G. & S. 947.

In the English practice, the plea was also formerly used for another purpose: *e. g.* if the defendant pleaded soil and freehold of a third person and justified under him, the plaintiff in replying was not allowed to deny both allegations, but was obliged to confine himself to denying one only, and this often gave the defendant a great advantage. 1 Chitty Pl. 541.

The point made in the present case is that the verdict on the plea of *liberum tenementum* in the former suit is not conclusive except as to the actual place trespassed on, which is to be shown by parol. It is contended that the English and other cases hold that, to sustain the plea of *liberum tenementum*, it is enough to show title to the place of trespass, and that therefore the verdict cannot be evidence of anything beyond this. Without admitting the inference (and no English case has yet gone so far), let us examine the cases upon the first point.

*Hawk* v. *Bacon*, 2 Taunt. 155, Com. Pleas, 1809, trespass *quare 'clausum*, naming close. Plea 1. Not guilty. 2. Parcel of waste in which defendant had common and took down the wall which separated it from remainder of common. To this plaintiff replied his close was separate and divided from the common, and owned in severalty and adversely. Rejoinder, wrongfully separated, &c. Demurrer. Court : Defendant omitted to traverse allegation. Plaintiff could not have supported, for if plaintiff could not have proved *whole* inclosed for twenty years, defendant could have recovered. As the defendant intended to raise the question that a part of it had not been inclosed twenty years, he was allowed to amend.

*Cocker* v. *Crompton* (A. D. 1823), 1 B. & C. 489 ; *S. C.* 2 D. & R. 719. Trespass on a close called the *Fold-yard*. Plea, said close soil and freehold of defendant. Replication traversed. Plaintiff proved he had a close of that name and trespass in it. Defendant had one of same name. Defendant contended the evidence should be applied to his close. Verdict for plaintiff. Motion to enter nonsuit. The Court : The plaintiff was not bound to new assign : defendant should have given more description : if plaintiff names his close, he may prove a trespass in any close of his of that name : defendant does not support his plea by showing he has a close of the same name : under the old practice the defendant alone named his close, and then the issue was, whether that close so named was the defendant's.

*Richards* v. *Peake*, K. B. A. D. 1824, 2 B. & C. 918. Trespass *quare clausum*, on two closes. Plea 1. Not guilty. 2. Defendant owner of a messuage, &c., and in right thereof entitled to common in the close, &c., which was part of the common before its wrongful separation, &c. Replication, close separated from common, and held adversely thirty years. Rejoinder, not held ad-

versely. (Defendant here did exactly what in *Hawk* v. *Bacon* the court had said he should do.) The jury found the trespass committed in a part of the close which had not been inclosed thirty years. Verdict for defendant. The court, Abbott, C. J., said *Cocker* v. *Crompton* did not cover this case. In that case each party had a close of the same name. Plaintiff does not entitle himself to verdict by proving part inclosed for thirty years : the words confine the allegation to the place of trespass : jury find trespass committed in part not inclosed thirty years. Verdict properly for defendant. Bayley, J., said : " What question do pleadings raise ? It is whether that part where trespass committed had been inclosed thirty years. If jury had found plaintiff had close of two acres, that trespass was committed on one acre, and that acre had not been inclosed thirty years, it would be immaterial whether the other acre had been inclosed thirty years or not. The place of trespass not having been inclosed thirty years, verdict properly for defendant." Holroyd, J. : " Allegation in replication is entire, the plaintiff bound to prove whole inclosed thirty years. If divisible, as I think, then the question is whether place of trespass inclosed thirty years. Here, upon any principles, the verdict was properly for the defendant, because the burden of proof was on the plaintiff, and he did not prove his case."

*Bassett* v. *Mitchell*, A. D. 1831, 2 B. & Ad. 99. Trespass on a close bounded. Plea, close part of six acres allotted out of waste by commissioners to get gravel for road, and defendant entered for that purpose. Replication, not part of the six acres. Proved close was not all within the six acres, but the place of trespass was. Held, justification made out. Court (Tenterden, L. C. J.) : " The opinions of the court in *Richards* v. *Peake* (2 B. & C. 918) go the whole length of this case. The plaintiff was not obliged, in support of this declaration, to prove trespasses committed on every part of his close. . . . . It is said that the record . . . . will not be decisive evidence in a future action, nor will it as to the whole land in question, but either side may show by evidence what part it was that was affected by the result of this cause." The other doctrine would be inconvenient. Littledale, J., said that, on the other doctrine, proof of trespass in one part would be evidence for the plaintiff for the whole in any future action.

*Tapley* v. *Wainwright*, K. B. A. D. 1833, 5 B. & Ad. 395. Trespass *quare clausum*, for entering two closes named. Plea, right of common, and the closes wrongfully separated from the common. Replication, not wrongfully, but separated and held adversely twenty years. Rejoinder, traversing. The trespasses were proved *over the whole*, but about one tenth had not been inclosed twenty years. Verdict for plaintiff. Motion to enter nonsuit. Denman, C. J., said: *Rex* v. *Peake* and *Bassett* v. *Mitchell* had settled that *close in which*, means only the particular place where the trespass was committed. Must plaintiff prove every part inclosed for twenty years? We think not. It is divisible. He need not prove more than the part trespassed on inclosed for twenty years. Is he bound to prove that all parts have been trespassed upon, or inclosed for that time? On general issue he might recover *pro tanto*. The same rule will apply to the replication. In a sale for goods, he need not prove the whole: if an infant, he would recover for so much as he shows to be necessaries. *Hawk* v. *Bacon* not well founded. If defendant requires it, the verdict can be entered for plaintiff as to part of the close, and for defendant as to the other part.

*Pythian* v. *Owen*, Exch. 1836, 1 M. & W. 216. Trespass on three closes described by abuttals. Plea, said closes *soil and freehold* of defendant. Replication, title by fine. Proved trespasses on two. Held, that the plea and replication were divisible; that the plaintiff was entitled to verdict as to two, and defendant as to the other. Confirmed in Excheq. Chamber, 1 Tyrw. 515. The counsel for plaintiff contended that the plea of *liberum tenementum* to the whole admitted trespasses in *all* the closes. Did it not according to all the later authorities?

*Smith* v. *Royston*, Exch. 1841, 8 M. & W. 381. Trespass for entering close *Buck Leap* and erecting a building. Plea, *liberum tenementum* of defendant. *Buck Leap* was a strip twelve feet wide outside of plaintiff's hedge, and adjoining defendant's land; no fence between. Plaintiff proved acts of ownership for four feet, but the building was outside of this. Court charged that defendant should recover if he proved place where building was to be his. Verdict for defendant. The plaintiff's counsel contended that *Tapley* v. *Wainwright* was no authority for this case, that it proceeded on the rule that plaintiff might prove tres-

City of Providence *v.* Adams.

pass in any part of his close; that *Bassett* v. *Mitchell* was not similar; that *Cocker* v. *Crompton* shows that if two closes of same name, defendant, to protect himself, must describe *his* by bounds, and that the same rule should apply to a close of which each owns part.

The court took time to next term. The defendant does not undertake to prove whole close his. On full consideration we think true construction is that plaintiff means that defendant has trespassed on a *part* of his close named or described, and that the defendant means the same when he replies. This case falls within *Richards* v. *Peake*, where the plea was held divisible, and within *Tapley* v. *Bassett*. There can be no objection that it will conclude the title for the defendant, for, if offered in evidence hereafter, the plea may show where the trespass was. In this case both plaintiff and defendant claimed more than they proved. But the burden of proof was with defendant.

In considering the authority of these cases, and endeavoring to find out what they decide, after throwing out *obiter dicta*, it should be observed that in *Hawks* v. *Bacon*, *Richards* v. *Peake*, *Tapley* v. *Wainwright*, and *Bassett* v. *Mitchell*, there were no pleas of *liberum tenementum*, and therefore they can be applied to the present case only by analogy; that in *Richards* v. *Peake* the burden of proof was on the plaintiff; in *Tapley* v. *Wainwright* the court offered, if the defendant desired to protect himself, to have the verdict entered for a part of the close, the same course which was taken in *Pythian* v. *Owen*, and which would save the trouble of amending the pleadings to make them correspond with the proof. And that although there are remarks thrown out in these cases as to what may be done hereafter, yet we are referred to no case where the point now contended for by the city has been decided, viz., that a verdict on the plea of *liberum tenementum* in an action for trespass, is only conclusive as to the very spot of the trespass.

Such having been the decisions in England, it may be well to inquire how far the practice in this country has corresponded with or followed the English.

Our ancestors, in importing the English common law and its forms, adopted so much of the common law as was suitable to their circumstances, and so much of the forms of action, &c.

There was, here a greater simplicity and fewer forms. In very few of the colonies were all the forms of action retained. Those relating to real estate were generally simplified. In Massachusetts, while they retained the writ of right, &c., the common action to try title to real estate was ejectment or a plea of land. This differed from the English action of trespass and ejectment in several respects. In Rhode Island, while we retained the English name of trespass and ejectment, in all other respects the action is very different. All fiction is done away with ; while common recoveries are found on our records, ejectment was the only action here expressly to try title. And it was conclusive between the parties. There was here no higher grade of action. It is easy to see that modern English decisions would not apply to these actions in Massachusetts or Rhode Island. In South Carolina trespass was by statute made the sole action for trying title to real estate.

In the English action of ejectment, the general issue was the only plea. A plea to jurisdiction was sometimes specially allowed. Here, besides disclaimer of part or whole, we plead the statute of limitations ; and sometimes, although not very consistently, soil and freehold has been pleaded.

So in regard to trespass *quare clausum*. This of course is mainly a personal action, and the judgment only for damages. But if soil and freehold is pleaded, it is admitted that the verdict settling that issue is conclusive in all future actions, and the only dispute here is as to how much it is conclusive. In this state trespass *quare clausum* has been often resorted to for settling title, and especially in cases of disputed boundary. If the general issue was pleaded, it might settle only the possession, but that was generally decisive.

And in regard to this action, it is believed the difference in practice of the two countries will be found to be material. In England it was common to declare generally for a trespass for a close in the parish or county, sometimes but not always giving it a name. And this was followed in New York. In Rhode Island, after a considerable search of the records in two counties, I find but one instance of declaring generally, and that was for cutting trees on plaintiff's farm in North Kingstown, and plea not guilty. But the premises were generally described and

bounded. And therefore the plea of *liberum tenementum* was not needed here to compel a better description, but it really meant what it purported to mean. And in the oldest edition of the American Precedents, A. D. 1801, all the forms imply a more or less definite description. In the second edition of it, forms of the indefinite sort were introduced from the English books.

Under our practice, as in ejectment, the defendant might disclaim for part; so in trespass *quare clausum* he might plead not guilty as to part, and *liberum tenementum* as to the rest; and this I find was the course taken in a case of disputed boundary by one of the best special pleaders that ever practised among us. And see *Lamb* v. *Beebe*, 10 Conn. 322.

In ejectment, by the practice of both countries, the plaintiff, although not required to prove title to his whole description, takes a verdict for as much as he proves title to; never for more. If the doctrine contended for by the plaintiff in this case is correct, the person pleading *liberum tenementum* in trespass *quare clausum* would take a verdict for more than he proves.

The remarks attributed to Lord Denman in *Tapley* v. *Wainwright* can hardly be correctly reported. "Is the plaintiff bound," he asks, "to prove trespasses all over his close?" No one ever contended he was. The plaintiff generally alleges a trespass in his close. So, as to a sale of goods, he says the plaintiff need not prove all he alleges. True, but did anybody ever contend that he could take a verdict for more than he proved? or that if he claimed $1,000, and took a verdict for $1,000, the verdict was not conclusive? But this is what would be done if this new doctrine is introduced; and this is the case which is said to overrule the very sensible decision in *Hawk* v. *Bacon*.

In judging of English decisions, considerable allowance is to be made for the mode of giving opinions. Very few opinions are written. Different reporters give the reasons of the judges very differently, some omitting what others give. We have met with many instances of this. The opinions are given orally, and in this way a careless expression may occur, which would not occur in an opinion carefully written, and scrutinized by associate judges.

It was never considered necessary in trespass for a plaintiff to prove possession of the whole tract of which he alleged himself to

be in possession. Proof of a possession of part implies possession of the whole, in the absence of proof to the contrary. And this is a safe doctrine, because on the plea of not guilty the verdict is in that case evidence only that the plaintiff was in possession at the time, and not that he had title. 1 Hilliard on Torts, ch. 18, § 11, p. 583; *Ring* v. *Ring*, 4 Dev. & Bat. 164; *Wheeler* v. *Rowell*, 7 N. H. 515; *Tyson* v. *Shucey*, 5 Md. 540.

But it is different when the plea is *liberum tenementum*. The possession then is out of the case, and the title only is in question. And it seems to me that some of the English decisions are explainable on their peculiar theory as to the plea of *liberum tenementum*. With them it (at least formerly) amounted to nothing more than the general issue (indeed it was so called, Story's Pleadings, 625). In such a case if possession was disputed, and the plaintiff did not prove all he claimed, or if the defendant proved a part, the plaintiff failed.

In the United States there have been some decisions similar to the English, but they have been mostly in New York, where the whole English practice with all its absurdities was adopted. But in *Stevens* v. *Hughes*, 31 Pa. State, 381, trespass, plea soil and freehold, where a former judgment on a case stated which the court held to be of the same effect as title pleaded, the court said: "It is conclusive; we cannot go behind the judgment to inquire on what evidence it was rendered." So in *Standish* v. *Parker*, 2 Pick. 20. Held, that in trespass nothing settled but the points put directly in issue; but "if the title is put in issue by a plea of soil and freehold, the verdict will be conclusive in another action for injury done to the same land." And see *Burt* v. *Steinberg*, 4 Cow. 559.

The facts in the English cases show that the alleged decisions might be necessary to avoid the defects of a system of pleading which had become a mere system of logical quibbling, — defects so glaring that within a few years their absurdity and the oppression growing out of them have led to a thorough reform in England and Maryland, and to a total abolition of the system in New York and Massachusetts and other states.

A plea should be held to mean what it says, according to the ordinary legal meaning of the words. There is no safety in any other rule. A record or judgment is of no use otherwise. There

is looseness enough in our forms of pleading in personal actions, where the papers seldom show the real point in issue, without extending it to actions and pleas involving the title to real estate, which have heretofore been comparatively simple and plain. And a plaintiff or defendant should be required to prove what he alleges. In case of trespass it is generally enough to prove a few acts of possession, and they would draw after them the possession of the whole, if there were no evidence to the contrary. And if the defendant introduces evidence to show the plaintiff is not in possession of all he claims, the plaintiff should either amend or fail. And if the defendant pleads *liberum tenementum*, this admits possession and the facts alleged, and throws the burden on the defendant to prove his title. And if he fails in proving his allegations, he should amend or be defeated.

Amendment was allowed in similar circumstances in the English case of *Hawk* v. *Bacon*, 2 Taunt. 155. Or, a better course would be to have the verdict entered for part according to the proof, as was done in the exchequer case of *Pythian* v. *Owen*, and as was offered by the court in the case of *Tapley* v. *Wainwright*.

We should thus preserve the advantages of the old system of special pleading, without the quibbles which have rendered it so objectionable and unpopular. If the papers in a case are not to show the matter in controversy, and the verdict and judgment do not show what is decided, better abolish the system. No other system could be worse.

And there is another reason why, if a defendant pleads *liberum tenementum*, he should be held to the issue he makes. He is not obliged to resort to this plea to defend himself. He can plead the general issue, and under that can show just title enough to prove himself not a trespasser as to the particular spot. He may show title in himself, that he held under the owner, that plaintiff's interest had expired, &c. 1 Chitty Plead. 538 ; Roscoe on Real Actions, 663, 673, 676 ; and see the history of the decisions on this point in 6 Robinson's Practice, 648.

If, therefore, he chooses to make an issue upon his title, he should be held to it according to its plain import. And to say that where the trespass was for cutting twenty trees, and the plea was soil and freehold, a verdict on it only settles the title as to

the places where the stumps of trees were, seems rather strained. The policy of the law is to settle disputes and prevent further litigation. This doctrine certainly is not in accordance with that policy.